**JACKSON LEWIS P.C.**
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 451-6350

*Attorneys for Defendant*
*Valeant Pharmaceuticals International, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. MICHAEL PEARSON,<br><br>        Plaintiff,<br><br>    v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC.<br><br>        Defendant. | C.A. No. 3:17-cv-01995-BRM-DEA<br><br>Document Filed Electronically |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### DEFENDANT'S MOTION TO COMPEL ARBITRATION
### AND DISMISS THE COMPLAINT

| | |
|---|---|
| **DAVIS POLK & WARDWELL LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000 | **JACKSON LEWIS P.C.**<br>220 Headquarters Plaza<br>East Tower, 7th Floor<br>Morristown, New Jersey 07960<br>(973) 451-6350<br><br>*Attorneys for Defendant*<br>*Valeant Pharmaceuticals International, Inc.* |

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .............................................................................................................3

I.    A VALID AGREEMENT TO ARBITRATE EXISTS BECAUSE THE SEPARATION AGREEMENT DID NOT SUPERSEDE THE ARBITRATION PROVISION ......................................................................3

    A.    The Arbitration Provision Can Be Superseded Only Expressly or by Clear Implication ..........................................................................3

    B.    The Separation Agreement Did Not "Entirely Supersede" the 2015 Employment Agreement ................................................................4

    C.    The Arbitration Provision Was Not Expressly or By Clear Implication Superseded by the Separation Agreement .........................8

        *1.*    *The Merger Clause Applies Only to Prior Agreements Concerning the Subject Matter of the Separation Agreement* ........................................................8

        *2.*    *Silence Does Not Reflect Any Intent to Supersede the Arbitration Provision Expressly or by Clear Implication* ............................................13

II.    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT PRECLUDING AN ORDER COMPELLING ARBITRATION .................14

CONCLUSION ........................................................................................................15

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

P<small>AGE</small>(<small>S</small>)

*AllianceBernstein Invs., Inc. v. Eschert*,
   No. C-18-10, 2011 WL 1345026 (N.J. Super. Ct. App. Div. Apr. 11, 2011) ......7

*Berkery v. Cross Country Bank*,
   256 F. Supp. 2d 359 (E.D. Pa. 2003)..............................................................4, 13

*Borough of Atl. Highlands v. Eagle Enters., Inc.*,
   711 A.2d 407 (N.J. Super. Ct. App. Div. 1998) ....................................................7

*Cent. Indem. Co. v. Certain Underwriters at Lloyd's, London*,
   584 F.3d 513 (3d Cir. 2009) ...............................................................................14

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,
   709 F.2d 190 (3d Cir. 1983), *overruled on other grounds by*
   *Lauro Lines SRL v. Chasser*, 490 U.S. 495 (1989) .............................................9

*Cont'l Ins. Co. v. Allianz Ins. Co.*,
   52 F. App'x 557 (2d Cir. 2002) ....................................................................4, 13

*Dasher v. RBC Bank (USA)*,
   745 F.3d 1111 (11th Cir. 2014) .......................................................................5, 8

*First Liberty Inv. Grp. v. Nicholsberg*,
   145 F.3d 647 (3d Cir. 1998) ........................................................................4, 13

*Flexi-Van Corp. v. Orzeck*,
   No. CIV. A. 88-5015, 1988 WL 188324 (D.N.J. Dec. 29, 1988) ........................7

*Kant v. Seton Hall Univ.*,
   C.A. No. 03-6135 (WHW), 2008 WL 65159 (D.N.J. Jan. 4, 2008).....................8

*Local 719, Am. Bakery & Confectionery Workers of Am., AFL-CIO*
   *v. Nat'l Biscuit Co.*, 252 F. Supp. 768 (D.N.J. 1966),
   *aff'd*, 378 F.2d 918 (3d Cir. 1967) ................................................................... 14

*Marchak v. Claridge Commons, Inc.*,
   633 A.2d 531 (N.J. 1993) .............................................................................. 3

*Newark Bay Cogeneration P'ship, LP v. ETS Power Group*,
   No. CIV. A. 11-2441 ES, 2012 WL 4504475 (D.N.J. Sept. 28, 2012) ............... 15

*Pelletier v. Yellow Transp., Inc.*,
   549 F.3d 578 (1st Cir. 2008) ........................................................................ 10

*Pittman v. Santander Consumer USA, Inc.*,
   No. 2:14-CV-87-WHA,
   2014 WL 1652376 (M.D. Ala. Apr. 24, 2014) ..................................... 5, 10, 13

*Ramirez-Baker v. Beazer Homes, Inc.*,
   636 F. Supp. 2d 1008 (E.D. Cal. 2008) ..................................................... 10, 12

*Rezac v. JMK Auto Sales, Inc.*,
   No. L-2160-10, 2013 WL 1907739 (N.J. Super. Ct. App. Div. May 9, 2013) .... 7

*Rosenberg v. D. Kaltman & Co.*,
   101 A.2d 94 (N.J. Super. Ct. Ch. Div. 1953) ................................................... 3

*Ryan v. BuckleySandler, LLP*,
   69 F. Supp. 3d 140 (D.D.C. 2014) ............................................................ 10, 11

*Sher v. Goldman Sachs*,
   No. CCB-11-2796, 2012 WL 1377066 (D. Md. Apr. 19, 2012) ...................... 13

*Trap Rock Indus., Inc. v. Loc. 825, Int'l Union of Operating Eng'rs, AFL-CIO*,
   982 F.2d 884 (3d Cir. 1992) ........................................................................ 15

*Washington Const. Co. v. Spinella*,
   84 A.2d 617 (N.J. 1951) ............................................................................... 9

## **PRELIMINARY STATEMENT**

There is no dispute that Mr. Pearson has agreed to arbitrate disputes arising from or relating to, *inter alia*, the terms of his 2015 Employment Agreement.[1] There is also no dispute that, through his lawsuit, Mr. Pearson seeks to recover damages flowing from rights he claims are established by his 2015 Employment Agreement. But in his opposition brief, Mr. Pearson attempts to escape his clear obligation to arbitrate this dispute by arguing that a later-executed agreement—the Separation Agreement—revoked his prior agreement to arbitrate employment-related claims. Mr. Pearson is wrong. The language of the Separation Agreement and well-established law require Mr. Pearson to submit these claims to arbitration.

Mr. Pearson's argument hinges entirely on the merger clause in Section 14 of the Separation Agreement (the "Merger Clause"). Specifically, Mr. Pearson argues that the Merger Clause, which provides that the Separation Agreement will supersede prior agreements on certain topics, vitiated the broad arbitration provision contained in the 2015 Employment Agreement (the "Arbitration Provision"). In making his argument, Mr. Pearson conveniently ignores the full language of the Merger Clause itself, which by its terms does ***not*** revoke in their entirety all prior agreements, but rather only prior agreements "concerning the subject matter of this [Separation] Agreement." As Mr. Pearson admits, the

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in Valeant's moving brief [Dkt. No. 7].

Separation Agreement does *not* concern or relate to dispute resolution in any way—indeed, it does not contain a forum-selection provision of any kind or mention the Arbitration Provision whatsoever (let alone clearly rescind it). The Separation Agreement therefore does not relate to the subject matter of the Arbitration Provision, which remains in full force and effect. Courts considering nearly identical facts have determined that an earlier agreement to arbitrate remains effective where a subsequent contract does not address dispute resolution and contains a merger clause limited to the subject matter of the later contract. This Court should reach the same conclusion here.

      Mr. Pearson wants to have it both ways. While attempting in this action to enforce alleged rights emanating from Section 9(c) of the 2015 Employment Agreement, he nevertheless seeks to avoid his obligation to arbitrate disputes involving those very rights. He has failed, however, to identify any expression of the parties' intent in the Separation Agreement to supersede the Arbitration Provision expressly or by clear implication. Neither the clear terms of the Merger Clause nor the parties' silence as to dispute resolution in the Separation Agreement are remotely sufficient to establish such intent.

      Finally, Mr. Pearson's conclusory assertion that the Court is precluded from compelling arbitration because there is an issue of material fact is without merit where the undisputed language of the contracts controls the Court's analysis.

# ARGUMENT

The primary question in dispute is whether the Separation Agreement superseded the Arbitration Provision in the 2015 Employment Agreement. "It is primarily a question of the intention of the parties to be ascertained from the contracts themselves whether the earlier contract is discharged and superseded by a new contract." *Rosenberg v. D. Kaltman & Co.*, 101 A.2d 94, 96 (N.J. Super. Ct. Ch. Div. 1953). A court's goal in reading a contract "is to discover the intention of the parties. Generally, [courts] consider the contractual terms, the surrounding circumstances, and the purpose of the contract." *Marchak v. Claridge Commons, Inc.*, 633 A.2d 531, 535 (N.J. 1993). Here, the Court need not look beyond the terms of the contracts to determine that the parties did not intend for the Separation Agreement to supersede the 2015 Employment Agreement in its entirety or the Arbitration Provision specifically. Accordingly, the Court should compel arbitration as a matter of law.

**I.　A VALID AGREEMENT TO ARBITRATE EXISTS BECAUSE THE SEPARATION AGREEMENT DID NOT SUPERSEDE THE ARBITRATION PROVISION**

　　**A.　The Arbitration Provision Can Be Superseded Only Expressly or by Clear Implication**

It is well-established in this Circuit that "[w]hen a party seeking to avoid arbitration contends that the clause providing for arbitration has been superseded by some other agreement, 'the presumptions favoring arbitrability must be negated

3

expressly or by clear implication.'" *First Liberty Inv. Grp. v. Nicholsberg*, 145 F.3d 647, 650 (3d Cir. 1998) (internal quotation marks omitted).  Indeed, an arbitration clause in an earlier agreement remains valid unless the parties expressly or by clear implication rescind the earlier arbitration agreement in a subsequent agreement.  *See, e.g.*, *Cont'l Ins. Co. v. Allianz Ins. Co.*, 52 F. App'x 557, 558 (2d Cir. 2002) (holding that arbitration clause "remained valid and enforceable at all pertinent times . . . even if . . . the [later agreement] cancelled the [earlier agreement] because we find no express rescission of the arbitration provision"); *Berkery v. Cross Country Bank*, 256 F. Supp. 2d 359, 369-70 & n.10 (E.D. Pa. 2003) (holding that arbitration clause remained valid because "[n]either the [later agreement] nor any other agreement expressly or by clear implication rescinded the arbitration clause contained in the [earlier agreement]").  Thus, the Separation Agreement can be deemed to have superseded the Arbitration Provision only if the Separation Agreement did so expressly or by clear implication.

      **B.    The Separation Agreement Did Not "Entirely Supersede" the 2015 Employment Agreement**

Although a later agreement that, by its express terms, *entirely supersedes* an earlier agreement containing an arbitration provision may sufficiently reflect the parties' intent to rescind the arbitration provision in the earlier agreement, the same is not true where the subsequent agreement only supersedes some aspects of the earlier agreement.  There is a "critical distinction" between instances in which "the

4

prior agreement remained effective to some extent for various reasons" and those in which "the prior agreement is *entirely* superseded."  *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1120 (11th Cir. 2014).  In the latter circumstances, "an entirely superseding agreement renders a prior agreement's arbitration clause ineffective, even if the superseding agreement is silent on arbitration."  *Id.* at 1122.  But "[i]f the subsequent agreement only partially supersedes the prior agreement, amends it, or waives some but not all of its provisions, the [next] question is whether the arbitration provision was among the superseded, amended, or waived provisions."  *Id.*

Here, the Merger Clause does not even purport to extinguish or supersede *any or all* prior agreements between the parties; it merely dictates that the Separation Agreement "supersedes any other written or oral promises *concerning the subject matter of this [Separation] Agreement*."  (Compl. Ex. B § 14 (emphasis added).)  Where a later agreement purports only to "supersede[] any previous agreements 'which pertain to the subject matter hereof,'" that "limiting language . . . remove[s] it from the category of 'entirely superseding' contracts" that would render an earlier arbitration provision ineffective.  *Pittman v. Santander Consumer USA, Inc.*, No. 2:14-CV-87-WHA, 2014 WL 1652376, at *4 (M.D. Ala. Apr. 24, 2014) (holding that arbitration provision in earlier contract remained

5

effective because merger clause in later contract applied only to prior agreements concerning the "subject matter" of the later contract).

Moreover, nothing else in the Separation Agreement suggests that the parties intended it to entirely supersede the 2015 Employment Agreement. To the contrary, the language of the Merger Clause itself explicitly dictates that significant portions of the 2015 Employment Agreement would remain effective *even if* those provisions concerned the specific subject matter of the Separation Agreement. (*See* Compl. Ex. B § 14.) And, in contrast with the 2015 Employment Agreement and Mr. Pearson's 2011 employment agreement (both of which Mr. Pearson has submitted to the Court), the parties *did not* include a term specifically stating that the 2015 Employment Agreement "shall be superseded in its entirety" by the Separation Agreement and thereafter "have no further force or effect."[2] (*Compare* Compl. Ex. A § 1(b) ("As of the Effective Date, the Predecessor Agreement shall be superseded in its entirety by this Agreement, and the Predecessor Agreement shall thereupon have no further force and effect, except as

---

[2] Given that the 2015 Employment Agreement by its terms entirely restated and superseded Mr. Pearson's prior employment agreement, it is not surprising that the parties included a virtually identical arbitration provision in the superseding contract—the parties were completely restating the entirety of their contractual relationship, including their agreement to resolve *all* disputes between them through arbitration. Thus, Mr. Pearson's argument that the parties "know how to provide for arbitration when they enter into a new agreement that replaces an old agreement" (Opp'n 10) is actually consistent with Valeant's position and bolsters the point that the Separation Agreement was *not* "replac[ing] an old agreement."

6

otherwise provided herein.") *and* Dkt. No. 14-2 (Hamid Decl.) Ex. 1 § 1(b) (same) *with* Compl. Ex. B (containing no similar provision).) It is clear from the contracts themselves that when the parties intended to entirely supersede prior agreements, they did so clearly and explicitly.

That the Separation Agreement here did not entirely supersede the 2015 Employment Agreement distinguishes this case from those decisions upon which Mr. Pearson relies. (*See* Opp'n 8-9.) In each of those cases, the subsequent agreement not containing an arbitration provision *entirely superseded* the prior agreement requiring arbitration:

- *AllianceBernstein Invs., Inc. v. Eschert*, No. C-18-10, 2011 WL 1345026, at *2, 5-6 (N.J. Super. Ct. App. Div. Apr. 11, 2011): the later agreement entirely superseded all prior agreements where the merger clause clearly reflected the parties' "unequivocal nullification and cancellation of all prior 'contracts and arrangements' between the parties."

- *Flexi-Van Corp. v. Orzeck*, No. CIV. A. 88-5015, 1988 WL 188324, at *3 (D.N.J. Dec. 29, 1988): the subsequent agreement "was meant to supersede and terminate" the original agreement "and its arbitration provision" in its entirety.

- *Rezac v. JMK Auto Sales, Inc.*, No. L-2160-10, 2013 WL 1907739, at *1, 4 (N.J. Super. Ct. App. Div. May 9, 2013): entire agreement containing an arbitration provision was "explicitly superseded" where the merger clause in a subsequent agreement stated that "[a]ll prior agreements, whether oral or in writing, are superseded" by the new agreement.

- *Borough of Atl. Highlands v. Eagle Enters., Inc.*, 711 A.2d 407, 409-10 (N.J. Super. Ct. App. Div. 1998): a construction contract requiring arbitration was entirely superseded by a "Final Agreement" that "knowingly canceled" the original contract and unambiguously indicated that "the original construction contract was to be regarded as history."

7

In those cases, it was clear that the parties intended to supersede *all aspects* of their prior agreements, including the agreements to arbitrate. It is equally clear here, based on the plain terms of the Separation Agreement, that the parties did not intend to supersede the 2015 Employment Agreement in its entirety.[3]

### C. The Arbitration Provision Was Not Expressly or By Clear Implication Superseded by the Separation Agreement

The Separation Agreement did not entirely supersede the 2015 Employment Agreement. The next question for the Court to address is whether the parties intended through the Separation Agreement to supersede the Arbitration Provision expressly or by clear implication. *See Dasher*, 745 F.3d at 1122. The language of the contracts, including the Merger Clause, and the surrounding circumstances plainly demonstrate that the parties did not have any such intent.

#### 1. *The Merger Clause Applies Only to Prior Agreements Concerning the Subject Matter of the Separation Agreement*

The Merger Clause limits its breadth to the "subject matter of this [Separation] Agreement" (Compl. Ex. B § 14), which does not include the resolution of disputes between the parties. Contrary to longstanding New Jersey

---

[3] To the extent Mr. Pearson is attempting to rely on the general principle of New Jersey law that a later contract can, in some instances, supersede a prior contract by operation of law (*see* Opp'n 7), that argument is unavailing. As evident from Mr. Pearson's brief, that principle applies only where the subsequent contract "cover[s] the same subject matter" and "contain[s] terms inconsistent with the former contract so that the two cannot stand together." *Kant v. Seton Hall Univ.*, C.A. No. 03-6135 (WHW), 2008 WL 65159, at *7 (D.N.J. Jan. 4, 2008) (quotation marks omitted). Neither of those requirements is satisfied here.

8

law, which dictates that "all parts of the writing and every word of it will, if possible, be given effect" when interpreting a contract, *Washington Const. Co. v. Spinella*, 84 A.2d 617, 619 (N.J. 1951), Mr. Pearson simply ignores this limitation in arguing that all provisions of the 2015 Employment Agreement were superseded unless specifically identified in the Merger Clause.  But Mr. Pearson cannot evade his contractual obligation to arbitrate by trying to stretch the Merger Clause to reach prior valid agreements that are unaffected by its plain language.

The "subject matter" of the Separation Agreement includes the subjects actually addressed in the terms of that Agreement concerning Mr. Pearson's termination and his consulting service, ***not*** the forum in and means by which any disputes relating to Mr. Pearson's employment, compensation, or termination will be resolved.  Indeed, the Separation Agreement does not contain *any* provision addressing dispute resolution or forum selection—a surprising omission if the parties did not intend for the Arbitration Provision to continue to govern their disputes.  Those subjects are addressed only in the Arbitration Provision.

A "contractual clause selecting either a judicial or an arbitral forum for the resolution of disputes establishes a legal right which is analytically distinct from the rights being asserted in the dispute to which it is addressed." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 195 (3d Cir. 1983), *overruled on other grounds by Lauro Lines SRL v. Chasser*, 490 U.S. 495 (1989); *see also*

9

*Pelletier v. Yellow Transp., Inc.*, 549 F.3d 578, 581 (1st Cir. 2008) (applying principle articulated in *Coastal Steel*). The Separation Agreement and the Arbitration Provision address distinct rights and concern distinct subject matter, and the Merger Clause therefore does not affect the Arbitration Provision.[4] That conclusion is consistent with and supported by numerous decisions from courts throughout the country. *See Ryan v. BuckleySandler, LLP*, 69 F. Supp. 3d 140, 145-46 (D.D.C. 2014); *Ramirez-Baker v. Beazer Homes, Inc.*, 636 F. Supp. 2d 1008, 1016-17 (E.D. Cal. 2008); *see also Pelletier*, 549 F.3d at 581 (holding that agreement requiring arbitration of all employment disputes was not superseded by employment application providing that it was the "entire agreement" regarding the parties' "right to terminate employment," as the arbitration agreement "only deal[t] with the *mechanism for resolving disputes*" related to termination (emphasis added)); *Pittman*, 2014 WL 1652376, at *4 (compelling arbitration because arbitration provision in earlier agreement remained effective despite merger clause in subsequent agreement that superseded only those previous agreements "which pertain to the subject matter" of the later agreement).

For example, in *Ryan*, the court rejected a claim that the merger clause in an employment-separation agreement that was "expressly limited to the 'subject

---

[4] Given that the Arbitration Provision is not impacted by the Merger Clause because its subject matter is different from that of the Separation Agreement, there was no reason or need to specifically carve it out from the Merger Clause.

matter' of the [s]eparation [a]greement" rendered a prior arbitration agreement ineffective because the separation agreement did not address the forum for resolving disputes. 69 F. Supp. 3d at 145-46. Much as in this case, the separation agreement in *Ryan* provided the plaintiff with severance pay, medical coverage, and additional benefits in exchange for a release of all claims against the former employer. *Id.* at 143. It also included a merger clause stating that the agreement "set[] forth the entire agreement between the parties *with respect to the subject matter hereof* and supersedes any and all prior agreements or understandings between them pertaining to such subject matter." *Id.* (emphasis added). A prior agreement between the parties required arbitration of all "claims and disputes related in any way to the employment or the termination of the employment," and the separation agreement did not "provide any forum to resolve disputes arising out of the [s]eparation [a]greement." *Id.* at 142-43 (internal alterations omitted). The court determined that the separation agreement (which concerned the substantive employment claims) and the arbitration agreement ("which mandate[d] the forum for the resolution of claims") addressed "distinct subject matter," and accordingly held that the agreement to arbitrate was binding "because it concerns a different 'subject matter' from the [s]eparation [a]greement." *Id.* at 145-46.

Similarly, in *Ramirez-Baker*, the court compelled a former employee to arbitrate under an employment agreement requiring her to arbitrate "all grievances,

11

disputes, and claims" related to her employment or termination, where the parties entered subsequent agreements that did not "specif[y] a forum for resolving disputes between the parties" and contained merger clauses that were limited only to the "subject matter covered" therein. 636 F. Supp. 2d at 1014-16. Based on the plain language of the agreements, the court held that the merger clauses were "limited to the terms of the [subsequent] employment contracts." *Id.* at 1016. Accordingly, the court held that the later contracts did not supersede the earlier arbitration agreement because the later contracts were silent as to arbitration and were not inconsistent with the earlier arbitration agreement. *See id.* at 1016-17.

This case is no different. The Separation Agreement was not intended to (and did not) address the framework, established by the 2015 Employment Agreement, for how the parties would resolve disputes concerning Mr. Pearson's compensation or termination. It sought only to further clarify and define the terms of Mr. Pearson's termination and future compensation, with specific reference to rights established in the 2015 Employment Agreement. Mr. Pearson ignores the critical distinction between the subject matter addressed in the Separation Agreement and the 2015 Employment Agreement—but this Court should not. The Separation Agreement does not address dispute resolution, and therefore the Merger Clause does not undermine the Arbitration Provision's continued effectiveness and application to Mr. Pearson's claims.

### 2. *Silence Does Not Reflect Any Intent to Supersede the Arbitration Provision Expressly or by Clear Implication*

Mr. Pearson's argument that the parties intended by their silence to abrogate the Arbitration Provision (*see* Opp'n 10-11) does not change the outcome of the Court's analysis. It is perfectly logical that in a subsequent agreement that does not entirely supersede the 2015 Employment Agreement, the parties would not address dispute resolution—that subject already was addressed in the broad Arbitration Provision, which clearly covered *any* disputes regarding Mr. Pearson's termination and compensation. It is illogical, on the other hand, that after the parties agreed in multiple employment contracts governing the entirety of his tenure with Valeant to arbitrate all disputes involving Mr. Pearson's employment, compensation, or termination, their silence in the Separation Agreement reflected an intent to supersede the Arbitration Provision and to establish a judicial forum for those same disputes. It is well settled that a party cannot rely on silence as to dispute resolution in a subsequent contract to establish that an earlier arbitration agreement has been superseded. *See, e.g.*, *Pittman*, 2014 WL 1652376, at *4; *Sher v. Goldman Sachs*, No. CCB-11-2796, 2012 WL 1377066, at *3-4 (D. Md. Apr. 19, 2012). That is particularly true given the requirement that an arbitration agreement must be negated expressly or by clear implication—mere silence does neither. *See, e.g.*, *Nicholsberg*, 145 F.3d at 650; *Cont'l Ins. Co.*, 52 F. App'x at 558; *Berkery*, 256 F. Supp. 2d at 369-70 & n.10.

That the absence of an arbitration provision in the Separation Agreement cannot establish the parties' intent to supersede the Arbitration Provision is especially true given the Separation Agreement's specific invocation of Section 9(c) of the 2015 Employment Agreement. Having agreed that Mr. Pearson's equity compensation would "be treated in accordance with Section 9(c)," which itself is subject to the Arbitration Provision, the clear intent of the parties was that the Arbitration Provision would remain effective and continue to apply to disputes relating to Mr. Pearson's equity compensation under Section 9(c) after the Separation Agreement was executed. (*See also* Moving Br. at 13-17.)

## II. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT PRECLUDING AN ORDER COMPELLING ARBITRATION

Mr. Pearson asserts that "there is a genuine issue of material fact as to whether the parties agreed to arbitrate claims arising under the 2016 Separation Agreement." (Opp'n 4-5.) But where, as here, parties dispute only "the legal effect of . . . uncontested contractual language," the dispute "involves contract construction and therefore requires a legal determination," not a factual one. *Cent. Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 530 (3d Cir. 2009); *see also Local 719, Am. Bakery & Confectionery Workers of Am., AFL-CIO v. Nat'l Biscuit Co.*, 252 F. Supp. 768, 771 (D.N.J. 1966) (noting that court is not presented with issue of fact when deciding whether dispute "is arbitrable within the meaning of the provisions of the [parties' agreement]"), *aff'd*, 378 F.2d 918 (3d

Cir. 1967). Moreover, having not even claimed that the relevant contracts are in any way ambiguous, Mr. Pearson does not set forth specific facts that reveal a genuine issue of material fact. *See Newark Bay Cogeneration P'ship, LP v. ETS Power Group*, No. CIV. A. 11-2441 ES, 2012 WL 4504475, at *6 (D.N.J. Sept. 28, 2012) ("[T]he nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue of fact for trial."). Instead, Mr. Pearson makes a conclusory assertion that a genuine issue of fact exists. (*See* Opp'n 4-5.) "Such general allegations, absent any factual foundation, fall short of raising a genuine issue of material fact." *Trap Rock Indus., Inc. v. Loc. 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 891 (3d Cir. 1992).

## **CONCLUSION**

For the foregoing reasons, Valeant respectfully requests that the Court grant its motion to compel arbitration of Mr. Pearson's claims against Valeant.

Dated: June 26, 2017

Respectfully submitted,

JACKSON LEWIS P.C.

By: /s/ John K. Bennett
John K. Bennett

Of Counsel:

DAVIS POLK & WARDWELL LLP
Paul Spagnoletti (admitted *pro hac vice*)
Andrew Ditchfield (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 451-6350

*Attorneys for Defendant Valeant Pharmaceuticals International, Inc.*